IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 00-3035 |
| | ) | |
| MISCELLANEOUS FIREARMS, | ) | |
| EXPLOSIVES, DESTRUCTIVE | ) | |
| DEVICES AND AMMUNITION, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| DONNA FLEISCHLI, | ) | |
| | ) | |
| Claimant. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

We deal here with a judgment of forfeiture of various firearms seized by the Government.

The Claimant asks that the judgment of forfeiture be set aside, on the basis that the Government did not comply with the statutory requirements.

The Claimant's request is denied.

1

I. BACKGROUND

Claimant Donna Fleischli alleges that on August 11, 1998, federal agents seized 75 firearms from the home she shared with her husband, Joseph Fleischli, at 1119 South MacArthur, Springfield, Illinois. Other items were seized from Mr. Fleischli's business at 1905 East Washington, Springfield, Illinois. Mr. Fleischli is a convicted felon.

The Claimant alleges that on October 16, 1998, she timely filed a claim as to the seized property. On May 20, 1999, she was informed that the claim and cost bond had been approved and were being forwarded to the United States Attorney. This civil forfeiture action in rem was filed in this Court on February 18, 2000. The complaint alleged that pursuant to 18 U.S.C. § 924(d)(1), the forfeiture of numerous items was being sought for Mr. Fleischli's violation of 18 U.S.C. § 922(g)(1), which prohibits possession of firearms by a felon. The Court ordered various items forfeited.

The Claimant filed a notice of appeal of this Court's judgment. On July 31, 2004, the Seventh Circuit affirmed the Court's judgment of forfeiture. The Claimant's petition for rehearing en banc was then denied.

On May 2, 2005, the United States Supreme Court denied a timely filed petition for a writ of certiorari.

The Claimant has moved pursuant to Federal Rule of Civil Procedure 60(b) to set aside the judgment of forfeiture on the basis that it is void for lack of subject matter jurisdiction because the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") applies to this case.[1]

## II. ANALYSIS

CAFRA was enacted on April 23, 2000 and became effective on August 23, 2000.  Pursuant to CAFRA, the Government must commence either a non-judicial forfeiture (administrative) or a judicial forfeiture within 60 days after the seizure of the property.  See 18 U.S.C. § 983(a)(1)(A). The Claimant notes that CAFRA further provides, "Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of

---

[1] Rule 60(b) provides in pertinent part, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void."

3

a complaint." 18 U.S.C. § 983(a)(3)(A). If the Government has not complied with the requirements of CAFRA, it "shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense." 18 U.S.C. § 983(a)(3)(B).

The Claimant contends that based on the foregoing, after 90 days has passed since a claim was filed, the Court loses subject matter jurisdiction and cannot order that property be forfeited to the United States, unless the Government has obtained a criminal indictment containing an allegation that the property is subject to forfeiture and taken the necessary steps to preserve its right to maintain custody of the property, as provided in the forfeiture statute. The Claimant alleges that in the case <u>sub judice</u>, the complaint for forfeiture was not filed within 90 days of the filing of the claim. Instead, the complaint was filed approximately sixteen months after the claim was filed and about nine months after the cost bond was perfected. Moreover, the Claimant contends the Government did not

obtain a criminal indictment before the time for filing a complaint expired.[2] Consequently, the Claimant asserts that the Court lost subject matter jurisdiction to forfeit the property on the effective date of CAFRA.

The Claimant alleges that pursuant to Landgraf v. USI Film Products, 511 U.S. 244, 273 (1994), this Court should "apply the law in effect at the time it renders its decision, even though that law was enacted after the events that gave rise to the suit." (internal quotations and citations omitted). However, the Supreme Court in Landgraf recognized that "the presumption against retroactive legislation is deeply rooted in our jurisprudence." Id. at 265. The Government asserts that because the forfeiture proceeding was filed several months before the effective date of CAFRA, the Court should apply the law in effect at the time the complaint was filed.

The issue is whether CAFRA is to be applied retroactively. The relevant portion of the statute provides, "Except as provided in section

---

[2]The Claimant notes that Mr. Fleischli was not indicted until February 3, 2000, which was almost sixteen months after the claim was filed and approximately nine months after the cost bond was perfected. Moreover, the indictment included no forfeiture allegations.

14(c), this Act and the amendments made by this Act shall apply to any forfeiture proceeding commenced on or after the date that is 120 days after the date of the enactment of this Act." Pub. L. No. 106-185, § 21, 114 Stat. at 225 (codified at 8 U.S.C. § 1324 (note)).  The Government notes that Section 14(c), which concerns fugitive disentitlement provides, "The amendments made by this section shall apply to any case pending on or after the date of the enactment of this Act."  Based on this language, therefore, the Government asserts that all CAFRA sections and amendments, except for section 14(c), apply only to forfeiture proceedings that commenced on or after August 23, 2000 (which was 120 days after CAFRA was enacted).

The Government alleges that most courts of appeal, except for the Sixth Circuit, have denied retroactive application of CAFRA.  See United States v. One "Piper" Aztec, 321 F.3d 355, 357 (3d Cir. 2003); United States v. $80,180.00 in U.S. Currency, 303 F.3d 1182, 1185 (9th Cir. 2002) (noting that "by stating that CAFRA applies only to judicial forfeiture proceedings filed *on or after* the statute's effective date, Congress manifested

its clear intent not to apply CAFRA to pending cases"); United States v. $557,933.89, More or Less, in U.S. Funds, 287 F.3d 66, 76 n.5 (2d Cir. 2002) (noting that its review was under pre-CAFRA procedures because the new procedures apply only to proceedings commenced on or after August 23, 2000); United States v. Wagoner County Real Estate, 278 F.3d 1091, 1095 (10th Cir. 2002) ("Congress has significantly amended the civil forfeiture statutes for proceedings commenced after August 23, 2000.").

The Seventh Circuit has not specifically addressed the issue of retroactivity. That court has determined that CAFRA is not retroactive as to cases which were on appeal when it was enacted. See United States v. Santiago, 227 F.3d 902, 906 n.3 (7th Cir. 2000) ("This enactment, however, has no effect on the present appeals since, with one exception not relevant here, it applies only to forfeiture proceedings commenced on or after August 23, 2000."). In a subsequently decided case, however, the same court left the issue for the district court to decide on remand. See United States v. Tuthill Rd., Naperville, Illinois, 233 F.3d 1017, 1026 n.2 ("The decision to apply a new procedural rule ordinarily depends on the

posture of the particular case. . . . The district court knows the posture of this case best, and is in the best position to decide whether the old or new regime should apply on remand." (internal quotations and citations omitted).

The Sixth Circuit has held that CAFRA applied retroactively to the case pending before that court on appeal. See United States v. Real Property in Section 9, 241 F.3d 796, 798 (6th. Cir. 2001). That court observed:

> No definition is given of what it means for forfeiture to be "commenced." Does this mean seizure of the property, the filing of a document in court, a finding of probable cause, the establishment of a preponderance of the evidence or some other act by the government or the court? Because forfeiture does not occur until a court acts, does it mean that forfeiture is not "commenced" until the court finally allows the forfeiture to take place–at which time the actual forfeiture "commences?" The new act says it is applicable to "any forfeiture proceeding commenced" 120 days after enactment. Does an appellate proceeding qualify?

Id. The Sixth Circuit went on to note that "when a statute is addressed to remedies or procedures and does not alter substantive rights, it will be applied to pending cases." Id. at 799 (citing Landgraf, 511 U.S. at 275).

The court noted that CAFRA did not attach new legal consequences to past conduct and there was no "manifest injustice" in applying it to that case. Id.

The Court concludes that the most logical reading of the relevant language in the statute is that CAFRA applies only to forfeiture proceedings commenced on or after August 23, 2000. As the Third Circuit noted in <u>One Piper Aztec</u>, 321 F.3d at 359, the language of the Act plainly states that it applies to "any forfeiture proceeding commenced on or after [August 23, 2000]." Accordingly, the portion of the statute at issue in this case does not apply retroactively. This conclusion is further bolstered by the fact that Congress specifically chose to apply retroactively one section of CAFRA dealing with whether fugitives could pursue forfeiture claims. <u>See</u> <u>One Piper Aztec</u>, 321 F.3d at 359 (citing <u>Lindh v. Murphy</u>, 321 U.S. 320, 329-30 (1997)).

The resolution of the retroactivity issue does not end the Court's inquiry. The Claimant contends that the issue of when a forfeiture proceeding is "commenced" must be resolved. She notes that in order to

9

commence an in rem forfeiture action, the United States must file a complaint, the clerk must issue a summons and a warrant for the arrest of the property (which must be executed by a marshal or other designated official), and the property must be taken "into the marshal's possession for safe custody." While these are all prerequisites, the Court holds that the proceeding was actually commenced with the filing of the complaint on February 18, 2000. See One Piper Aztec, 321 F.3d at 359 ("[T]he commencement of a forfeiture proceeding can mean only the point when the government first files a complaint for forfeiture in rem."). To our view, this is the most logical reading of the statute.

### III. CONCLUSION

The Court holds as a matter of law that CAFRA does not apply retroactively. Because this case commenced on February 18, 2000, the Government was not required to comply with the time limits of the subsequently enacted CAFRA. The firearms were seized approximately nineteen months prior to the enactment of CAFRA. The Government complied with the laws which were in effect at that time. The Court

observes that it would appear somewhat unreasonable to expect the Government to have complied with various civil forfeiture timing requirements before that legislation was enacted.

For the foregoing reasons, the Claimant's motion to set aside the judgment of forfeiture is DENIED.

All other motions are DENIED AS MOOT.

ENTER: November 21, 2005

> FOR THE COURT:
>
> s/Richard Mills
> United States District Judge